

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2005

# USA v. Byock

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Byock" (2005). *2005 Decisions*. Paper 1208.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1208

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2726
_____

UNITED STATES OF AMERICA

v.

MATTHEW BYOCK;
THEA BYOCK,
Appellants

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-02790)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit LAR 34.1(a)
May 2, 2005

BEFORE: ALITO, SMITH and BECKER, <u>CIRCUIT JUDGES</u>

(Filed: May 11,2005 )

_____

OPINION
_____

PER CURIAM

Matthew and Thea Byock appeal from the District Court's order granting summary

judgment in favor of the United States. We will affirm.

In June 2002, the United States filed a complaint in the District Court, pursuant to 26 U.S.C. § 7403, to reduce to judgment unpaid federal income tax assessments against Matthew and Thea Byock for the taxable years 1991-1999. The Byocks filed several motions to dismiss, but the motions were denied. After discovery was completed, the United States filed a motion for summary judgment, which the District Court granted. The Byocks timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a motion for summary judgment is plenary. Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). A grant of summary judgment will be affirmed if "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." Coolspring, 10 F.3d at 146. Defeating a motion for summary judgment requires the non-moving party to "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

An assessment of taxes by the Commissioner of the IRS is presumptively correct. See United States v. Vespe, 868 F.2d 1328, 1331 (3d Cir. 1989); see also United States v. Janis, 428 U.S. 433, 440-41 (1976). Here, the United States submitted certified copies of the IRS assessments against the Byocks. The Byocks offered no evidence to suggest that the assessments were incorrect or to otherwise dispute the assessments. The District

2

Court concluded that the certified documents were sufficient to support granting the motion for summary judgment. We agree. On appeal, as in the District Court, the Byocks do not dispute that they owe the back taxes. Instead, they focus solely on their belief that this complaint was filed as a personal vendetta and that the IRS made these assessments only after Matthew Byock reported an IRS employee to the District Director's Office.[1] This allegation has no bearing on the Byocks' liability for taxes owed.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of the United States.

---

[1] In their answer to the United States complaint, the Byocks raised additional arguments. These issues were not raised on appeal and, therefore, are considered waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).